UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DIGITAL AGE MARKETING GROUP, INC.

    Plaintiff,                                                                       Case No. 0:26-cv-60239

vs

SENTINEL INSURANCE COMPANY, LIMITED,

    Defendant.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, DIGITAL AGE MARKETING GROUP, INC. ("Digital Age" and/or "Plaintiff") sues Defendant, SENTINEL INSURANCE COMPANY, LIMITED, ("Sentinel"), and alleges:

### I. NATURE OF THE ACTION AND PARTIES

**1.** This is an action for declaratory judgment pursuant to Florida Statute Chapter 86, Rule 57 of the Federal Rules of Civil Procedure and 28 USC § 2201 arising out of Sentinel's failure to defend Plaintiff in the lawsuit styled: *Robert Ike v. Trademarc Global, LLC, et al.*, Case No. GV25014205-00, filed in the Virginia, General District Court for the City of Chesapeake (the "Underlying Case"). A copy of the Complaint in the Underlying Case is attached as Exhibit "A".

**2.** At all relevant times, Digital Age was/is a Florida non-profit corporation authorized to do business in the State of Florida and maintains its principal office in Broward County, Florida at 6301 NW 5th Way, Suite 5001, Fort Lauderdale, Florida 33309.

**3.** At all relevant times, Sentinel was/is a Connecticut corporation authorized to do business in Florida, offering insurance policies in the State of Florida.

**4.** Sentinel issued a business liability policy to Plaintiff.

## II. JURISDICTION AND VENUE

5.     This is a Complaint for Declaratory Judgment brought pursuant to Chapter 86, Florida Statutes, Rule 57 of the Federal Rules of Civil Procedure, and 28 U.S.C. §2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Plaintiff and Defendant.

6.     This Court has jurisdiction over this action under the provision of 28 U.S.C. §1332 because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

7.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b); Plaintiff is located in and maintains a principal office in and does business in this district and the acts and/or omissions complained of herein took place, in whole or in part, within the venue of this Court.

8.     A controversy of a judicial nature presently exists among the parties, which demands a declaration by this Court for Plaintiff to have their rights and duties under the applicable contract of insurance determined.

## III. FACTUAL BACKGROUND

9.     In return for the payment of a premium, Sentinel issued Policy No.: 12SBAUL9872 to Plaintiff for the policy period of February 27, 2024 to February 27, 2025[1] (the "Policy"). The Policy provides an aggregate policy limit of $2,000,000. A copy of the Policy is attached hereto as Exhibit "B."

10.    On the Policy Declarations, the Description of Business for the Plaintiff is listed as "Software, Internet, Application & Web Design."

---

[1] Sentinel had also issued a policy to Plaintiff for the subsequent policy period of February 27, 2025 through February 27, 2026.

**11.** Pursuant to the Policy, the Defendant has a duty to defend Plaintiff against any lawsuit seeking damages because of "personal and advertising injury" to which the insurance applies. *See* Exhibit "B."

**12.** The suit in the Underlying Case alleges that Defendant published an article on its website falsely and recklessly identifying Robert Ike by name as the subject of a felony indictment for elder financial exploitation.

**13.** The Policy provides coverage in relevant part:

BUSINESS LIABILITY COVERAGE FORM (Form No. SS 00 08 04 05)

A. COVERAGES

1. BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)

Insuring Agreement

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply

\*\*\*

B. EXCLUSIONS

1. Applicable To Business Liability Coverage

This insurance does not apply to:

p. Personal and Advertising Injury
   "Personal and advertising injury":

   (8) Arising out of an offense committed by an insured whose business is:
     (a) Advertising, broadcasting, publishing or telecasting;
     (b) Designing or determining content of web sites for others; or
     (c) An Internet search, access, content or service provider.

**14.**     "Personal and advertising injury" is defined in the Policy (Section G – Definitions) as:

"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that the person occupies, committed by or on behalf of its owner, landlord or lessor;

d. Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e. Oral, written or electronic publication of material that violates a person's right of privacy;

f. Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement";

g. Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement"; or

h. Discrimination or humiliation that results in injury to the feelings or reputation of a natural person.

**15.**     The Policy also contains the following endorsement:

BUSINESS LIABILITY COVERAGE FORM AMENDATORY ENDORSEMENT (Form SS 00 60 09 15)

This endorsement modifies insurance provided under the following:

BUSINESS LIABILITY COVERAGE FORM

A. Sub-subparagraphs 1.p. (7), (8), (15) of Paragraph 2., of Section B. Exclusions are deleted and replaced with the following:

p.  Personal and Advertising Injury

(8) Arising out of an offense committed by an insured whose business is:
(a) Advertising, broadcasting, publishing or telecasting;
(b) Designing or determining content of web sites for others; or
(c) An Internet search, access, content or service provider.

16.     The allegations in the Underlying Case trigger the "personal and advertising injury" coverage under the BUSINESS LIABILITY COVERAGE FORM, as they were written or electronic publications that allegedly slander or libel a person.

17.     Pursuant to the BUSINESS LIABILITY COVERAGE FORM AMENDATORY ENDORSEMENT, the Policy excludes all advertising injury offenses arising out of an offense committed by an insured whose business is "advertising, broadcasting, publishing or telecasting," among enumerated categories.

18.     Accordingly, the Policy grants coverage for "personal and advertising injury" arising out of several enumerated offenses (d through h), including the defamation-based offenses of slander or libel, while simultaneously nullifying coverage for the enumerated offenses if they are performed by a business who is engaged in or connected to publishing-related business activities, web design, or is an internet search, content or service provider.

19.     Given that the enumerated offenses d through h could never be performed by Plaintiff (who is by nature an insured whose business is "publishing" and web design and is an internet content provider – as explicitly noted on the face of the Policy Declarations), Plaintiff alleges that the BUSINESS LIABILITY COVERAGE FORM AMENDATORY ENDORSEMENT renders the Policy's "personal and advertising injury coverage" illusory and/or ambiguous as applied, requiring construction in favor of coverage and defense.

20.     Plaintiff provided timely notice of the Underlying Case to Sentinel.

21.     Following an investigation by Sentinel, the claim was denied. In support of its denial, Sentinel referred to the policy language cite cited *supra*.

# COUNT I
## ACTION FOR DECLARATORY JUDGMENT AS TO SENTINEL'S DUTY TO DEFEND PLAINTIFF

22.     Plaintiff re-alleges and incorporates Paragraphs 1 through 21, as if fully set forth herein.

23.     This is an action for declaratory judgment pursuant to §28 U.S.C. §§2201 *et. seq.* ("Declaratory Judgment Act") and Florida Statute §86.021. The purpose for declaratory judgment is "…to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered." Fla. Stat. § 86.101 (2024). "The existence of another adequate remedy does not preclude a judgment for declaratory relief." Fla. Stat. § 86.111 (2024).

24.     There exists an ongoing and justiciable dispute between Plaintiff and Sentinel with respect to the existence and extent of coverage, including defense costs, coverage benefits, and/or contractual remedies available to Plaintiff under the Policy.

25.     In accordance with the Declaratory Judgment Act, an actual case or controversy exists, and Plaintiff has genuine concerns and questions about its legal status, rights, and Sentinel's duties under the Policy; thus, it is seeking from this Court a judicial declaration of said status, rights, duties and responsibilities.

26.     Sentinel is obligated to defend Plaintiff in the Underlying Case.

27.     Sentinel has failed to fulfill its duty to defend Plaintiff in the Underlying Case. Since the date the complaint was filed in the Underlying Case, Plaintiff has incurred substantial defense costs and continues to accrue and incur substantial defense costs.

28.     Sentinel has taken the position that it is not obligated under the Policy to defend Plaintiff in the Underlying Case.

**29.** Plaintiff has taken the position that the Policy does obligate Sentinel to defend Plaintiff in the Underlying Case.

**30.** Plaintiff and Sentinel are therefore in doubt as to whether Sentinel has a duty to defend Plaintiff in the Underlying Case under the Policy.

**31.** The facts set forth above demonstrate the existence of a present, continuing and substantial controversy involving specific adverse claims regarding the interpretation and effect of the Policy and the rights and obligations of the parties under the Policy, which claims are ripe for adjudication.

**32.** The issuance of declaratory relief by this Court is necessary and appropriate and will terminate the uncertainty or controversy giving rise to this cause of action.

**33.** Plaintiff therefore seeks a declaration from this Court that Sentinel is required, pursuant to the terms of the Policy and applicable Federal and Florida law, to defend Plaintiff in the Underlying Case.

**34.** Plaintiff requests a declaratory judgment from this Court:

    **a.** Declaring that under the terms of the Policy and applicable Federal and Florida law, Defendant has a duty to defend Plaintiff in the Underlying Case;

    **b.** Declaring that under the terms of the Policy and applicable Federal and Florida law, Defendant is liable to reimburse, or to pay on Plaintiff's behalf, all attorneys' fees and costs incurred in the Underlying Case;

    **c.** Declaring that the Policy between Plaintiff and Sentinel was in full force and effect at all relevant times;

    **d.** Declaring that at all relevant times, Plaintiff was the Named Insured under the Policy;

  **e.** Declaring that to the extent the Policy contains any ambiguities, either as written or as applied to the instant facts, this Court construes coverage, as it relates to Sentinel's duty to defend, in favor of Plaintiff;

  **f.** Declaring that to the extent the Policy is illusory either as written or as applied to the instant facts, this Court construes coverage, as it relates to Sentinel's duty to defend, in favor of Plaintiff;

  **g.** Granting such other and further relief as this Court deems just and proper, including awarding Plaintiff interest, as well as its attorneys' fees and costs pursuant to Florida Statutes Section 86.121 incurred in connection with this action.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on any issues which may be triable by jury as provided by Federal and Florida law.

Dated January 29, 2026.

        Respectfully submitted,

        LEADER, LEADER & ZUCKER, PLLC
        Attorneys for Plaintiff
        633 South Andrews Avenue
        Suite 201
        Fort Lauderdale, Florida 33301
        (954) 523-2020 - Telephone
        (954) 523-2525 - Facsimile
        Primary Service E-Mail: mleader@leader-law.com
        Secondary Service E-Mail: service@leader-law.com

        BY: /s/Scott R. Zucker
          SCOTT R. ZUCKER, ESQ.
          Florida Bar No.: 71301
          REBECCA JARRATT DAVIS, ESQ.
          Florida Bar No. 59082